1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAXIMILIANO MENDEZ,                    No.  2:14-cv-2267 WBS AC P

12              Plaintiff,

13         v.                                ORDER

14    J. MACOMBER, et al.,

15              Defendants.

16

17         On December 17, 2014, the undersigned recommended that this action be dismissed

18    without prejudice due to plaintiff's failure to submit a properly completed in forma pauperis

19    application.  ECF No. 8.  On January 9, 2015, plaintiff filed a letter in this action, denominated by

20    the Clerk of Court as a "Request for Court to Intervene."  ECF No. 9.  The district judge referred

21    plaintiff's "request" to the undersigned "for determination as to whether it affects the Findings

22    and Recommendations [] issued on December 17, 2014."  ECF No. 10 at 1.  For the reasons that

23    follow, the undersigned finds that plaintiff's "request" does not change this court's

24    recommendation that this case be dismissed forthwith.

25         Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to

26    42 U.S.C. § 1983.  On September 29, 2014, plaintiff filed a complaint without paying the filing

27    fee or submitting an application to proceed in forma pauperis.  On October 10, 2014, the court

28    provided plaintiff with a blank application and directed him to submit the completed application

1

1    or pay the filing fee within thirty days.  Plaintiff filed an incomplete application on October 22,

2    2014.  On October 27, 2014, the undersigned denied the application without prejudice, again

3    provided plaintiff with a blank application, and accorded plaintiff an additional thirty days within

4    which to submit a properly completed application.  ECF No. 6.

5          More than thirty days later, on December 10, 2014, plaintiff submitted a letter to the court

6    stating that other inmates were harassing him and had submitted a forged letter in this action "in

7    an attempt to stop, cancel or end the civil suit. . . ."  ECF No. 7 at 1.  Plaintiff explained that the

8    only letter he had personally submitted to the court was one seeking an extension of time to allow

9    for the arrival of law books from the "United States Government Printing Office, Superintendent

10   of Documents, Public Documents Distribution Center in Pueblo Colorado 81009," and for

11   purposes of filing an amended complaint.  Id. at 1-2.  No letter meeting this description has been

12   filed in this action.  Plaintiff's December 10, 2014 letter also requested a list of attorneys who

13   might be available to represent plaintiff, and noted that plaintiff is an individual with disabilities

14   within the meaning of the Americans with Disabilities Act.  Id. at 2.

15         Review of the docket indicates that no nonparty letter was received in this case, or in the

16   other federal case plaintiff also commenced on September 29, 2014, viz., Mendez v. Macomber,

17   Case No. 2:14-cv-2265 CKD P (dismissed without prejudice on Dec. 17, 2014, for failure to file

18   an amended complaint).

19         Other than his December 10, 2014 letter (and his current "request"), plaintiff filed no

20   other matters in this case following this court's October 27, 2014 order directing him to submit a

21   properly completed application to proceed in forma pauperis.  Therefore, fifty-one days after the

22   court's directive, the undersigned recommended that this action be dismissed without prejudice

23   due to plaintiff's failure to submit a properly completed in forma pauperis application.  ECF No.

24   8.

25         Thereafter, on January 9, 2015, plaintiff filed the subject "request," both in this case, ECF

26   No. 9, and in Mendez v. Macomber, Case No. 2:14-cv-2265 CKD P.[1]  The "request"consists

27   _____

28   [1] Plaintiff's "request" was disregarded in Mendez v. Macomber, Case No. 2:14-cv-2265 CKD P,
     because the action had been closed.

1    entirely of the following statements, ECF No. 9:

2            I've filed all the needed legal paper work to continue my suit.

3            Though I continue to request the attention of the court in
         superceding the detrimental conditions still exist without recourse.
4        (Sic.)

5            I've submitted the needed paper work.

6            As I previously said, "the Legal Books have not been returned and I
         ask the Court to intervene all the same under said docket numbers
7        [citing both the instant case and Case No. 2:14-cv-2265 CKD P].

8            Thank you.

9        Liberally construed, plaintiff's "request" implies that he is being denied reasonable access

10   to legal materials and hence is being denied access to the courts.  State prisoners have a First

11   Amendment right to access the courts, which includes access to the tools (legal books and

12   materials) necessary to challenge their sentences and conditions of confinement.  Lewis v. Casey,

13   518 U.S. 343, 346, 355 (1996).  In light of the importance of this right and in an abundance of

14   caution, the undersigned has reviewed plaintiff's "request" in tandem with his complaint to

15   determine whether dismissal of this action for failure to comply with court rules and procedures

16   would be manifestly unjust.[2]

17       Review of the complaint indicates that plaintiff is attempting to state several disparate

18   claims against various defendants.  See ECF No. 1.  The complaint is replete with allegations that

19   prison gang members are actively collecting personal information about plaintiff and his extended

20   family (including aunts, uncles, cousins, nieces, nephews), through a variety of means (including

21   cell phones and "numerous pictorial hearing devices . . . stolen [from] law enforcement" which, in

22   turn, are allegedly relied upon by the FBI), and are extorting money from plaintiff and his family

23   under threats of violence and acts of sexual molestation against plaintiff's children.  The

24   complaint also alleges deliberate indifference to plaintiff's serious medical needs; excessive force

25   against plaintiff by correctional officers; transfer of illegal drugs to inmates from outside visitors;

26   and, inter alia, the unauthorized tampering by other inmates of plaintiff's subscriptions to

27   [2]  The court notes, however, that absent plaintiff's payment of the filing fee or the court granting
     plaintiff in forma pauperis status, this court is precluded from screening the complaint on its
28   merits.  See 28 U.S.C. §§ 1915, 1915A.

                                                      3

1   magazines and law books.  These myriad allegations comprise an impermissible "shotgun"

2   complaint, asserting unrelated allegations against multiple defendants.  See Fed. R. Civ. P. 18-20;

3   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different

4   defendants belong in different suits").  The undersigned finds that neither plaintiff's complaint

5   not his "request" states a coherent constitutional or otherwise meritorious claim.  Moreover,

6   plaintiff's "request" may not properly be construed as objections to this court's findings and

7   recommendations.

8        For these reasons, the undersigned finds that plaintiff's Request for Court Intervention

9   does not affects the Findings and Recommendations issued on December 17, 2014.  Dismissal

10  without prejudice, due to plaintiff's failure to comply with this court's October 27, 2014 order

11  requiring payment of the filing fee or submission of a properly completed application to proceed

12  in forma pauperis, remains appropriate.  The district judge is advised to adopt this court's

13  Findings and Recommendations, ECF No. 8.

14  DATED: January 30, 2015

15

16  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4